■ In the Matter of ALENE COLLINS, Individually and on Behalf of Her Minor Children, Petitioner, v. GEORGE K. WYMAN, as Commissioner of the Department of Social Services of the State of New York, et al., Respondents.— Proceeding pursuant to article 78 of the CPLR to annul a determination of the New York State Department of Social Services, dated May 20, 1971, which, after a fair hearing, affirmed a determination of the New York City Department of Social Services directing deductions to be made from petitioner's semi-monthly public assistance, as recoupment for a duplicate payment which had been made. Determination annulled, on the law, without costs, and matter remitted to the respondent New York State Department of Social Services for a new hearing consistent with the views herein set forth. Petitioner is a recipient of public assistance in the form of Aid to Families with Dependent Children (AFDC). On September 4, 1970, she executed an affidavit stating that she had not received her semimonthly check for the first half of September, 1970. As a result, duplicate payments were issued to her in a total amount equal

to the allegedly lost check. It was subsequently determined that the original check had been cashed. Petitioner was notified that the cashing of that check constituted an overpayment and that her semimonthly grant would be reduced over six subsequent payment periods. This procedure was authorized by the Regulations of the Department of Social Services (18 NYCRR 352.7 [g] [1]), which provide for reduction of subsequent payments where it has been established that a recipient has cashed a check which had been replaced. Petitioner requested a fair hearing to challenge the scheduled reduction on the ground she had not cashed the check which she had reported as lost. She was not represented by counsel at the hearing. The only witness for the local agency was a supervising clerk who compared the indorsement on the check with petitioner's signature on her September 4, 1970 affidavit. The only evidence offered by petitioner was the statement that she had not cashed the check. Subsequent to the fair hearing, the determination under review was made, upon a finding that petitioner had cashed the check. In our opinion, the determination was not supported by substantial evidence. It is well settled in this jurisdiction that a witness who is not an expert on handwriting may not express an opinion as to handwriting based upon a comparison between a disputed writing and a writing conceded or proved to be the genuine handwriting of the person whose handwriting is in dispute (Richardson, Evidence [9th ed.], § 393). Although a nonexpert may testify directly to the genuineness of the disputed writing, he must first establish his familiarity with the handwriting of the person claimed to have executed the disputed writing and how this familiarity came about. The only witness at the fair hearing was not a handwriting expert. His testimony with regard to the cashing of the check was solely based on a comparison between the indorsement on the check and petitioner's signature on the affidavit. He made no allegation of familiarity with petitioner's handwriting. Therefore, his testimony was incompetent. In directing a new hearing, we reach no other argument advanced in the papers before us. Hopkins, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.