■ In the Matter of SHAWN B., a Person Alleged to be a Juvenile Delinquent, Appellant.—Upon the court's own motion, the decision and order of this court dated June 12, 1989 [151 AD2d 570] in the above-entitled case is recalled and vacated and the following is substituted therefor:

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) an order of disposition of the Family Court, Kings County (Tejada, J.), dated January 7, 1988, upon docket No. D-6301/87, which, upon a fact-finding order of the same court, dated September 3, 1987, made after a hearing, finding, *inter alia,* that the appellant had committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree, adjudged him to be a juvenile delinquent and placed him with the Division of Youth, Title II, for a period not to exceed one year, and (2) an order of disposition of the same court (Sparrow, J.), also dated January 7, 1988, upon docket No. D-11374/86, which, upon an order dated September 14, 1987, made upon consent of the appellant, which vacated an order dated March 16, 1987, as amended April 8, 1987, adjourning the matter in contemplation of dismissal, in light of the fact-finding order made in the case under docket No. D-6301/87, adjudged him to be a juvenile delinquent and placed him with the Division of Youth, Title II, for a period not to exceed one year, to run concurrent with the placement im-

posed in the case under docket No. D-6301/87. The appeals bring up for review the fact-finding order dated September 3, 1987.

Ordered that the order of disposition upon docket No. D-6301/87 is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, and the petition is dismissed; and it is further,

Ordered that the order of disposition upon docket No. D-11374/86 is vacated, without costs or disbursements, the order dated September 14, 1987, is vacated, and the order dated March 16, 1987, as amended April 8, 1987, is reinstated.

We conclude that the evidence was legally insufficient to establish "physical injury" as defined in Penal Law § 10.00 (9). One complainant testified that the appellant struck him in the back of his head, causing him to fall from the bicycle which he was riding and against a parked van. His testimony that he had "a lump" and "scrapes" on his head and "felt dizzy" for approximately four hours was, without more, under the circumstances of this case, insufficient to establish that he sustained either impairment of physical condition or substantial pain within the meaning of Penal Law § 10.00 (9) (see, People v Greene, 70 NY2d 860; Matter of Philip A., 49 NY2d 198; People v Jackson, 139 AD2d 766). The other complainant, who was riding on the handlebar of the same bicycle, testified that he sustained "a little bump on the back of [his] head" when he fell against a fence, causing him "[a] little pain". Accordingly, the finding that the appellant committed an act which, if committed by an adult, would have constituted assault in the third degree must be vacated, and the disposition made thereon must be reversed. In light of our determination, the order dated September 14, 1987, which vacated the order of adjournment in contemplation of dismissal of the case under docket No. D-11374/86, and the order of disposition in that case, dated January 7, 1988, must be vacated, and the order dated March 16, 1987, as amended April 8, 1987, which adjourned the case in contemplation of dismissal, must be reinstated.

In view of our disposition, we do not reach the appellant's remaining contentions. Brown, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.