■ In the Matter of JONATHAN D., a Person Alleged to be a Juvenile Delinquent, Appellant. [826 NYS2d 301]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated November 14, 2005, which, upon a fact-finding order of the same court dated September 27, 2005, made after a hearing, finding that the appellant committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree, adjudged him to be a juvenile delinquent, placed him on probation for a period of 18 months, with conditions, inter alia, that he perform 200 hours of community service in 50-hour segments by specified dates, and pay restitution in the amount of $1,500. The appeal brings up for review the fact-finding order dated September 27, 2005.

Ordered that the order of disposition is modified, on the law and in the exercise of discretion, by (1) deleting the provision thereof placing the appellant on probation for a period of 18 months and substituting therefor a provision placing the appellant on probation for a period of 12 months; (2) deleting the provision thereof that he perform 200 hours of community service in 50-hour segments by specified dates and substituting therefor a provision that he perform 150 hours of community service on or before November 14, 2006; and (3) deleting the provision thereof that he pay restitution in the amount of $1,500, and substituting therefor a provision that he pay restitution in an amount not to exceed $1,500, to be fixed after a hearing in accordance herewith; as so modified, the order of disposition is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for a hearing on restitution.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of Shaquana S.*, 9 AD3d 466, 467 [2004]; *Matter of Shamasia M.*, 4 AD3d 359, 361 [2004]; *Matter of Stevenson J.*, 306 AD2d 412 [2003]), the evidence was legally sufficient to establish all of the elements of assault in the third degree (*see* Penal Law § 120.00 [1]; *Matter of O'Shanna T.*, 238 AD2d 287, 288 [1997]; *Matter of Kwan M.*, 159 AD2d 707 [1990]; *cf. Matter of Wanji W.*, 277 AD2d 243, 244 [2000]; *Matter of Shawn B.*, 152 AD2d 733, 734 [1989]). Additionally, the evidence was legally sufficient to disprove the appellant's justification defense beyond a reasonable doubt (*cf. People v Terk*, 24 AD3d 1038, 1039 [2005]; *see Matter of Y.K.*, 87 NY2d 430, 433 [1996]). Moreover, the Family Court's fact-finding determination was not against the weight of the evidence (*cf.* CPL 470.15 [5]).

Upon adjudicating a person a juvenile delinquent, the court

must enter an order of disposition providing for the least restrictive available alternative "which is consistent with the needs and best interests of the respondent and the need for protection of the community" (Family Ct Act § 352.2 [2] [a]). Here, the Family Court providently exercised its discretion in adjudicating the appellant a juvenile delinquent, placing him on probation, and directing him to perform community service (*see Matter of Gerald W.,* 12 AD3d 522, 523 [2004]; *Matter of Diana V.,* 297 AD2d 535 [2002]; *Matter of Nikkia C.,* 187 AD2d 581, 582 [1992]). Given the circumstances in this proceeding, however, a period of probation of 12 months, as recommended by the presentment agency and consented to by the appellant, was the least restrictive available alternative consistent with the appellant's needs and best interests, as well as the need for protection of the community (*see Matter of Rosario S.,* 18 AD3d 563, 564 [2005]; *Matter of Gerald W., supra*).

Inasmuch as a condition of the period of probation that we are reducing to 12 months was that the appellant perform 200 hours of community service in segments, the last of which expires beyond the 12-month period, we eliminate the last segment of community service. This reduces to 150 hours the aggregate number of hours of community service that the appellant must perform as one of the conditions of his probation.

In addition, we delete the provision of the order of disposition that the appellant pay $1,500 in restitution as compensation for the victim's unreimbursed medical expenses. The Family Court intended to impose $500 as such compensation but the order of disposition directed that the appellant pay $1,500. The victim impact statement strongly suggests that the victim's medical expenses were covered by insurance or other reimbursement. Since Family Court Act § 353.6 (1) (a) authorizes a provision for compensation for a victim's medical bills that have not been reimbursed, the Family Court should have conducted a hearing to ascertain the amount, if any, that remained unreimbursed (*see Matter of Richard GG.,* 187 AD2d 846, 846-847 [1992]; *cf.* Penal Law § 60.27 [2]; *People v Charles,* 309 AD2d 873, 874 [2003]; *People v Jackson,* 180 AD2d 755, 755-756 [1992]). It would be appropriate at this hearing, if the appellant chooses to place in issue his ability to pay, for the Family Court to consider evidence on this issue as well (*cf. Matter of Jessie GG.,* 190 AD2d 916, 917 [1993]). Miller, J.P., Crane, Santucci and Luciano, JJ., concur.