■ In the Matter of KIMAYA MC., a Person Alleged to be a Juvenile Delinquent, Appellant. [858 NYS2d 237]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Turbow, J.), dated July 6, 2007, which, upon a fact-finding order of the same court dated April 13, 2007, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of assault in the second degree and criminal possession of a weapon in the fourth degree, adjudged her to be a juvenile delinquent and placed her on probation for a period of 18 months. The appeal brings up for review the fact-finding order dated April 13, 2007.

Ordered that the order of disposition is affirmed, without costs or disbursements.

On July 18, 2006 the appellant and the complainant got into a verbal argument. The appellant hit the complainant first and then a fight broke out between them. The appellant allegedly picked up a concrete brick from the ground and hit the complainant with the brick three or four times in her left eye.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.,* 69 NY2d 792 [1987]; *cf. People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted the crimes of assault in the second degree and criminal possession of a weapon in the fourth degree (*see Matter of Lenford C.,* 35 AD3d 462 [2006]; *Matter of Nicholas A.,* 28 AD3d 477 [2006]). Moreover, upon the exercise of our factual review power (*cf.* CPL 470.15 [5]), we are satisfied that the determination was not against the weight of the evidence (*see Matter of Lenford C.,* 35 AD3d 462 [2006]).

The appellant also argues that the Family Court improperly admitted the complainant's medical records, without redacting statements contained therein that she was hit with a brick. However, this objection was not presented to the Family Court, and thus is not preserved for appellate review (*see People v Santiago,* 108 AD2d 939 [1985]). In any event, the statements were properly admitted because they were relevant to the diagnosis and treatment of the complainant's injuries (*see People v Chia Yen Yun,* 35 AD3d 494 [2006]; *People v Singleton,* 140 AD2d 388 [1988]).

Contrary to the appellant's contention, the Family Court providently exercised its discretion in imposing an 18-month period of probation, particularly in view of the nature of the incident and the appellant's poor school attendance and performance record (see *Matter of Gerald W.*, 12 AD3d 522 [2004]; *Matter of Steven R.*, 230 AD2d 745 [1996]). Spolzino, J.P., Miller, Covello and Balkin, JJ., concur.