■ In the Matter of ERIKA R., a Person Alleged to be a Juvenile Delinquent, Appellant. [865 NYS2d 660]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated December 5, 2007, which, upon a fact-finding order of the same court dated October 25, 2007, made upon the appellant's admission, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of menacing in the third degree, adjudged her to be a juvenile delinquent, and placed her on probation under the supervision of the Probation Department of the County of Queens for a period of 12 months.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the Family Court providently exercised its discretion in finding that the appellant was in need of supervision, adjudicating her a juvenile delinquent, and ordering a 12-month period of probation instead of granting an adjournment in contemplation of dismissal (hereinafter ACD), as recommended by the Department of Probation. The nature of the incident, together with the appellant's poor school performance and her deteriorating attendance record, are sufficient justification therefor (*see Matter of Steven R.,* 230 AD2d 745 [1996]; *see also Matter of Kimaya Mc.,* 51 AD3d 671 [2008]).

Nor is an ACD mandated because this was the appellant's first contact with the law (*see Matter of Kimaya Mc.,* 51 AD3d 671 [2008]; *Matter of Steven R.,* 230 AD2d 745 [1996]), or because the Probation Department recommended it. The Family Court is not bound to follow any recommendations submitted for its consideration (*cf. Matter of McCoy v McCoy,* 43 AD3d 469 [2007]; *Matter of Griffin v Scott,* 303 AD2d 504 [2003]). The court considered the recommendation of the Probation Department and then providently exercised its discretion in determining that a different outcome was warranted. Spolzino, J.P., Florio, Miller and Leventhal, JJ., concur.