In the Matter of LEONARD J., a Person Alleged to be a Juvenile Delinquent, Appellant. [888 NYS2d 424]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal, as limited by the appellant's brief, is from so much of an order of disposition of the Family Court, Kings County (Weinstein, J.), dated October 31, 2008, as, upon a fact-finding order of the same court dated September 16, 2008, made upon the appellant's admission, finding that he had committed an act which, if committed by an adult, would have constituted the crime of assault in the second degree, placed him in the custody of the New York State Office of Children and Family Services for a period of 18 months, with a minimum of six months and with credit for time served.

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

The Family Court has broad discretion in entering dispositional orders (*see Matter of Michael L.,* 64 AD3d 780, 781 [2009]; *Matter of Tremain M.,* 63 AD3d 742 [2009]; *Matter of Karen M.,*

58 AD3d 734, 735 [2009]). The Family Court's determination is accorded great deference (*see Matter of Michael D.*, 60 AD3d 945 [2009]; *Matter of Javed K.*, 57 AD3d 899, 900 [2008]; *Matter of Bruce B.*, 54 AD3d 1031 [2008]). Considering the seriousness of the act which the appellant admitted, the recommendations of both the Department of Probation and Mental Health Services, the appellant's two prior school suspensions for the use or threatened use of force, the appellant's poor attendance and performance in school, his failure to comply with the mandates of the Supreme Court and the Center for Community Alternatives while on supervised release pending the resolution of a juvenile offense charge, and the other relevant circumstances, the Family Court properly found that the least restrictive dispositional alternative was the subject placement (*see* Family Ct Act § 352.2 [2] [a]; *Matter of Terrance B.*, 40 AD3d 1083, 1085 [2007]; *Matter of Shea McF.*, 33 AD3d 801, 802 [2006]).

The appellant's remaining contention is without merit. Mastro, J.P., Miller, Angiolillo and Austin, JJ., concur.