In the Matter of SUMMER D., Appellant. [890 NYS2d 562]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Queens County (Hunt, J.), dated February 2, 2009, which, after a hearing, found that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, and menacing in the third degree, and (2) an order of disposition of the same court dated March 17, 2009, which, upon the fact-finding order, adjudicated the appellant a juvenile delinquent and placed her on probation for a period of 18 months with the condition, among others, that she complete 180 hours of community service.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *Matter of Davonte B.*, 44 AD3d 763 [2007]; *Matter of Charles S.*, 41 AD3d 484, 485 [2007]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree (*see* Penal Law § 160.10 [1]; *Matter of Kenyetta F.*, 49 AD3d 540, 541 [2008]; *Matter of Laquan H.*, 29 AD3d 582, 582-583 [2006]), grand larceny in the fourth degree (*see* Penal Law § 155.30 [5]; *Matter of Michael D.*, 35 AD3d 227, 228 [2006]; *Matter of Nasheem P.*, 23 AD3d 662 [2005]), criminal possession of stolen property in the fifth degree (*see* Penal Law § 165.40; *Matter of Jabari W.*, 18 AD3d 767 [2005]), and menacing in the third degree (*see* Penal Law § 120.15; *Matter of John F.*, 12 AD3d 509 [2004]).

Resolution of issues of credibility is primarily a matter to be determined by the finder of fact, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see Matter of Charles S.*, 41 AD3d 484 [2007]). Upon reviewing the record here, we are satisfied that the Family Court's determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *cf. People v Romero*, 7 NY3d 633 [2006]).

The Family Court has broad discretion in fashioning orders of disposition (*see* Family Ct Act § 141; *Matter of Ariell C.*, 54 AD3d 1034 [2008]; *Matter of Donnell W.*, 36 AD3d 926 [2007]). Here, in determining the least restrictive available alternative consistent with the appellant's best interests and the need for the protection of the community (*see* Family Ct Act § 352.2 [2] [a]; *Matter of Bruce B.*, 54 AD3d 1031 [2008]), the court providently exercised its discretion in placing the appellant on probation rather than directing an adjournment in contemplation of dismissal as requested by the appellant (*see* Family Ct Act § 353.2) and directing that the appellant complete community service (*see* Family Ct Act § 353.3 [8]). The imposition of a period of probation was appropriate in light of the seriousness of the appellant's crimes and the appellant's school records, which indicated that she had been suspended for possessing alcohol.

The appellant's remaining contention is without merit. Rivera, J.P., Dickerson, Hall and Lott, JJ., concur.