In the Matter of DAVID F., Appellant. [891 NYS2d 650]—

Upon adjudicating a person a juvenile delinquent, the Family Court must enter an order of disposition providing for the least restrictive alternative "which is consistent with the needs and best interests of the respondent and the need for [the] protection of the community" (Family Ct Act § 352.2 [2] [a]). Here, in light of the recommendation of the New York City Department of Probation that the appellant be placed on probation, the appellant's acceptance into a program which offered community-based services to juveniles placed on probation, including intensive counseling, and the highly favorable reports submitted to the court by the appellant's former counselor and by the facility in which he was detained pending disposition, the appellant's placement for a period of 18 months was not the least restrictive dispositional alternative consistent with both the appellant's best interests and the need for protection of the community (see Matter of Shourik D., 65 AD3d 1042 [2009]; Matter of Juli P., 62 AD3d 588, 589 [2009]; Matter of Israel M., 57 AD3d 274 [2008]; Matter of Jonathan D., 33 AD3d 996, 998 [2006]; Matter of Kadeem W., 31 AD3d 777, 778 [2006]). Under these circumstances, we modify the order of disposition by imposing an 18-month period of probation upon the appellant, in lieu of his placement with the New York State Office of Children and Family Services. Santucci, J.P., Dickerson, Eng and Chambers, JJ., concur.