■ In the Matter of AARON P., a Person Alleged to be a Juvenile Delinquent, Appellant. [898 NYS2d 466]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated May 20, 2009, which, upon a fact-finding order of the same court dated March 31, 2009, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, and after a dispositional hearing, adjudged him to be a juvenile delinquent, placed him on probation for a period of 12 months, and Ordered him to pay restitution and to complete 90 hours of community service. The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *cf. People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the appellant's identity as one of the persons involved in the instant incident.

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Victor I.*, 57 AD3d 779 [2008]; *Matter of Robert A.*, 57 AD3d 770 [2008]; *cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the fact finder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Victor I.*, 57 AD3d 779 [2008]; *Matter of Robert A.*, 57 AD3d 770 [2008]; *cf. People v*

*Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490 [1987]). Upon the exercise of our factual review power (*cf.* CPL 470.15 [5]), we are satisfied that the fact-finding determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *Matter of Darnell C.*, 66 AD3d 771 [2009]; *Matter of Victor I.*, 57 AD3d 779 [2008]; *Matter of Robert A.*, 57 AD3d 770 [2008]; *cf. People v Romero*, 7 NY3d 633 [2006]).

The Family Court has broad discretion in entering dispositional orders (*see* Family Ct Act § 141; *Matter of Summer D.*, 67 AD3d 1008 [2009]; *Matter of Michael D.*, 60 AD3d 945 [2009]; *Matter of Daqwan J.*, 57 AD3d 780 [2008]; *Matter of Gustan G.*, 52 AD3d 513 [2008]; *Matter of Waleek W.*, 40 AD3d 868 [2007]). Here, the Family Court's disposition was appropriate. It reflected careful consideration of the less-restrictive alternatives to the appellant's placement and the need for the protection of the community (*see* Family Ct Act § 352.2 [2] [a]). The appellant was not entitled to an adjournment in contemplation of dismissal merely because this was his first contact with the court system (*see Matter of Melissa B.*, 49 AD3d 536, 537 [2008]; *Matter of Oneil D.*, 35 AD3d 602 [2006]; *Matter of Rosario S.*, 18 AD3d 563 [2005]).

The appellant's remaining contentions are without merit. Fisher, J.P., Dillon, Dickerson and Belen, JJ., concur.