■ In the Matter of KEMAR G., Appellant. [898 NYS2d 518]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Bogacz, J.), dated September 10, 2008, which, after a hearing, and upon a fact-finding order of the same court dated June 2, 2008, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of rape in the first degree, criminal sexual act in the first degree, and sexual abuse in the first degree, adjudged him to be a juvenile delinquent, and, upon his consent, placed him on probation for a period of 18 months. The appeal brings up for review the fact-finding order dated June 2, 2008.

Ordered that the appeal from so much of the order of disposition as, upon the appellant's consent, placed the appellant on probation for a period of 18 months is dismissed, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Contrary to the appellant's contention, the order of removal to the Family Court, which specified that removal was pursuant to CPL article 725, did not lack the specificity required by Family Court Act § 311.1 (3) (*see* Family Ct Act § 311.1 [7]; *see generally Matter of Michael M.*, 3 NY3d 441, 445 [2004]). Likewise, although the Family Court did not specify under which subsections of the statutes the presentment agency had proved the appellant's delinquency, that failure did not deprive him of the right to effective appellate review (*see* Penal Law § 130.35 [1], [3]; § 130.50 [1], [3]; § 130.65 [1], [3]).

The appellant's challenge to the legal sufficiency of the evidence is not preserved for appellate review (*see Matter of Melissa N.*, 62 AD3d 884 [2009]; *Matter of Charles S.*, 41 AD3d 484, 485 [2007]). In any event, viewing the evidence at the fact-finding hearing in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of rape in the first degree, criminal sexual act in the first degree, and sexual abuse in the first degree (*cf. People v Patterelli*, 68 AD3d 1151, 1152-1153 [2009]; *People v Scott*, 61 AD3d 1348, 1349 [2009]; *People v Greene*, 13 AD3d 991, 992 [2004]; *Matter of Dakota EE.*, 209 AD2d 782, 783 [1994]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Hasan C.*, 59 AD3d 617 [2009]; *cf* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Daniel R.*, 51 AD3d 933, 933-934 [2008]; *cf. People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the findings of fact were not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *cf. People v Romero*, 7 NY3d 633 [2006]).

The appellant contends that the Family Court improperly excluded certain handwriting evidence. While the Family Court applied an incorrect standard for the admission of handwriting evidence (*see Matter of Collins v Wyman*, 38 AD2d 600, 601 [1971]), the error was inconsequential, because the appellant failed to lay the proper foundation under the correct standard (*id.* at 601).

Since the disposition was entered on consent, the appellant is not aggrieved thereby (*see Matter of Latiyanna M.*, 62 AD3d 710, 711 [2009]; *Matter of Shaheen P.J.*, 29 AD3d 996, 997 [2006]; *Matter of Yarras F.*, 5 AD3d 481, 481-482 [2004]). In any event, the period of probation has expired.

The appellant's remaining contentions are without merit. Santucci, J.P., Angiolillo, Leventhal and Lott, JJ., concur.