In the Matter of GENNY J., a Person Alleged to be a Juvenile Delinquent, Appellant. [912 NYS2d 273]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Rockland County (Walsh, J.), dated December 16, 2009, which, upon a fact-finding order of the same court dated December 8, 2009, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crime of attempted robbery in the third degree, and after a dispositional hearing, adjudged her to be a juvenile delinquent, and placed her in the custody of the New York State Office of Children and Family Services for a period of 18 months.

Ordered that the order of disposition is modified, on the facts and in the exercise of discretion, by deleting the provision thereof placing the appellant with the New York State Office of Children and Family Services for a period of 18 months, and substituting therefor a provision placing the appellant on probation for a period of 18 months, with credit for time already spent in the custody of the New York State Office of Children and Family Services pursuant to the order of disposition dated December 16, 2009; as so modified, the order of disposition is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Rockland County, for the imposition of authorized conditions deemed necessary or appropriate, if any (*see* Family Ct Act § 353.2).

Upon adjudicating a person a juvenile delinquent, the Family Court must enter an order of disposition providing for "the least restrictive available alternative . . . which is consistent with the needs and best interests of the [juvenile] and the need for protection of the community" (Family Ct Act § 352.2 [2] [a]; *see Matter of David F.*, 69 AD3d 720 [2010]). Here, both the New York City Department of Probation and the presentment agency recommended that the appellant be placed on probation. In light of these recommendations, as well as the appellant's relatively stable home environment and support from her immediate and extended family, the lack of evidence of any prior contact with the police or the courts, the lack of evidence that the appellant's parents were unable or unwilling to supervise her, the appellant's regular attendance at school, and the lack of evidence of significant disciplinary problems at school or of any use of alcohol or drugs, placement in a limited-secure residential facility was not the least restrictive alternative consistent with both the appellant's best interests and the need for protection of the community (*see Matter of David F.*, 69 AD3d 720 [2010]; *see also Matter of Jonathan D.*, 33 AD3d 996, 998 [2006]; *Matter of Summer D.*, 67 AD3d 1008 [2009]; *Matter of Javed K.*, 57 AD3d 899, 900 [2008]; *cf. Matter of Leonard J.*, 67 AD3d 911, 912 [2009]; *Matter of Jamel H.*, 262 AD2d 643 [1999]). Under these circumstances, we modify the order of disposition by imposing an 18-month period of probation upon the appellant, in lieu of her placement with the New York State Office of Children and Family Services. Skelos, J.P., Covello, Balkin and Sgroi, JJ., concur.