■ In the Matter of Gustav D., Appellant. [912 NYS2d 424]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated October 27, 2009, which, upon a fact-finding order of the same court dated September 15, 2009, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 18 months and, inter alia, directed him to perform 200 hours of community service.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the Family Court did not improvidently exercise its discretion in adjudicating him a juvenile delinquent, placing him on probation for a period of 18 months, and directing him to perform 200 hours of community service. The Family Court has broad discretion in determining the proper disposition in a juvenile delinquency proceeding (*see* Family Ct Act § 141; *Matter of Ashley P.*, 74 AD3d 1075, 1076 [2010]; *Matter of Aaron P.*, 72 AD3d 826, 827 [2010]; *Matter of Summer D.*, 67 AD3d 1008, 1009 [2009]). "The appellant was not entitled to an adjournment in contemplation of dismissal merely because this was his first brush with the law or in light of the other mitigating circumstances that [he] cites" (*Matter of Thomas D.*, 50 AD3d 897, 897 [2008] [internal quotation marks omitted]; *see Matter of Aaron P.*, 72 AD3d at 827; *Matter of Javed K.*, 57 AD3d 899, 900 [2008]). The disposition was appropriate in light of, among other factors, the seriousness of the offenses and the recommendations made in the probation report (*see Matter of Thomas D.*, 50 AD3d at 897-898; *Matter of Julissa R.*, 30 AD3d 526, 528 [2006]). Mastro, J.P., Covello, Angiolillo and Lott, JJ., concur.