■ In the Matter of JONATHAN M., Appellant. [913 NYS2d 723]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Jonathan M. appeals from an order of disposition of the Family Court, Queens County (Hunt, J.), dated March 10, 2010, which, upon a fact-finding order of the same court dated January 19, 2010, made upon his admission, finding that he committed an act which, if committed by an adult, would have constituted the crime of attempted robbery in the second degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 18 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

At a fact-finding hearing on January 19, 2010, the then 15-year-old appellant admitted to committing an act which would have constituted the crime of attempted robbery in the second degree, had he been an adult. He admitted to punching a fellow classmate with a closed fist several times while attempting to steal the classmate's iPod. At the dispositional hearing on March 10, 2010, the Family Court adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 18 months. We affirm.

The record before the Family Court established, inter alia, that the appellant had a history of problems with behavior and aggression while at school. He had a poor attendance record and by his own admission, was frequently late. He was suspended from school for the instant offense, as well as on three other occasions during the 2007-2008 school year, once as a result of fighting and another for "engaging in intimidating behaviors." According to a report of the Family Court Mental Health Services, the assistant principal at his school stated that the appellant had an "extreme behavior problem," that he is angry, persistently aggressive, and that "incidents with him are matters of every day." The appellant also tested positive for marijuana while under the supervision of the Department of Juvenile Justice.

Considering the seriousness of the appellant's act, which he admitted, the recommendations and conclusions of both the Department of Probation and Family Court Mental Health Services, the appellant's continued history of disrespectful behavior

in school, his poor attendance record and repeated tardiness, as well as his general lack of concern for the welfare of fellow classmates and engaging in fighting without provocation, the Family Court properly found that the least restrictive alternative was the subject placement (*see* Family Ct Act § 352.2 [2] [a]; *Matter of Leonard J.*, 67 AD3d 911, 912 [2009]; *Matter of Michael L.*, 64 AD3d 780, 781 [2009]; *Matter of Tremain M.*, 63 AD3d 742, 743 [2009]). Mastro, J.P., Florio, Leventhal and Sgroi, JJ., concur.