■ In the Matter of CALVIN L., Appellant. [920 NYS2d 408]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Calvin L. appeals from an order of disposition of the Family Court, Orange County (Bivona, J.), dated July 26, 2010, which, upon a fact-finding order of the same court dated April 29, 2010, finding, upon his admission, that he had committed an act which, if committed by an adult, would have constituted the crime of attempted burglary in the third degree, adjudged him to be a juvenile delinquent and placed

him with the New York State Office of Children and Family Services for a period of 12 months. The appeal from the order of disposition brings up for review the fact-finding order dated April 29, 2010.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the Family Court providently exercised its discretion in adjudging the appellant a juvenile delinquent, finding that he was in need of supervision, and directing his placement for a period of 12 months with the Office of Children and Family Services instead of continued placement with the Westchester County Department of Social Services (hereinafter the Westchester County DSS), as was recommended by the Department of Probation. Considering the serious nature of the act which the appellant admitted, his failure to accept responsibility or show remorse for the underlying conduct or for the victims, his prior juvenile delinquency adjudications, his poor school attendance record, and the other relevant circumstances, the Family Court properly found that the least restrictive dispositional alternative was to place the appellant in the custody of the Office of Children and Family Services (see *Matter of Erika R.*, 55 AD3d 740 [2008]; *Matter of Leonard J.*, 67 AD3d 911 [2009]).

Continued placement with the Westchester County DSS was not mandated on the basis that it was recommended by the Department of Probation, as "[t]he Family Court is not bound to follow any recommendations submitted for its consideration" (*Matter of Erika R.*, 55 AD3d at 740). Here, the Family Court considered the recommendation of the Probation Department and then providently exercised its discretion in determining that a different disposition was warranted.

The appellant's remaining contention is without merit. Mastro, J.P., Florio, Belen and Chambers, JJ., concur.