■ In the Matter of CLARISSA S., Appellant. [921 NYS2d 540]— In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Clarissa S. appeals from an order of disposition of the Family Court, Queens County (Lubow, J.), dated June 21, 2010, which, upon a fact-finding order of the same court dated March 19, 2010, finding that she committed acts, which, if committed by an adult, would have constituted the crimes of attempted robbery in the first degree, robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, adjudged her to be a juvenile delinquent and placed her on probation for a period of 12 months.

The appeal brings up for review the fact-finding order dated March 19, 2010.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of Charles S.*, 41 AD3d 484, 485 [2007]), we find that it was legally sufficient to support the finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the first degree, robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*cf.* CPL 470.15 [5]; *see People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*cf. People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determinations were not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *Matter of Darnell C.*, 66 AD3d 771 [2009]; *Matter of Victor I.*, 57 AD3d 779 [2008]; *see also Matter of Robert A.*, 57 AD3d 770 [2008]). Dillon, J.P., Florio, Balkin and Eng, JJ., concur.