Contrary to the appellant’s contention, the presentment agency established the voluntariness of the appellant’s inculpatory statement beyond a reasonable doubt (see People v Witherspoon, 66 NY2d 973, 974 [1985]). The evidence established that *587 the appellant’s “ ‘will [was not] overborne and his capacity for self-determination [was not] critically impaired’ ” (Matter of Cy R., 43 AD3d 267, 268 [2007], cert denied 552 US 1320 [2008], quoting Culombe v Connecticut, 367 US 568, 602 [1961]; cf. People v Miller, 244 AD2d 828 [1997]; People v Lange, 77 AD2d 632 [1980]).
Viewing the evidence in the light most favorable to the presentment agency (see Matter of Clarissa S., 83 AD3d 1083, 1084 [2011]), we find that the identification testimony was legally sufficient to support the finding that the appellant committed an act which, if committed by an adult, would have constituted the crime of criminal possession of stolen property in the fifth degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (cf. CPL 470.15 [5]; see People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Clarissa S., 83 AD3d at 1084; cf. People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court’s fact-finding determinations were not against the weight of the evidence (see Family Ct Act § 342.2 [2]; Matter of Charles S., 41 AD3d 484, 486 [2007]). Rivera, J.P., Florio, Eng and Roman, JJ., concur.
Motion by the appellant on an appeal from an order of disposition of the Family Court, Kings County (Freeman, J.), dated September 12, 2011, upon a fact-finding order of the same court dated August 2, 2011, to strike footnote 4 of the respondent’s brief on the ground that it contains irrelevant information about allegations not subject to this appeal. By decision and order on motion of this Court dated May 10, 2012, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission of the appeal.
Upon the papers filed in support of the motion and the papers filed in opposition thereto and upon the argument of the appeal, it is
Ordered that the motion is granted, footnote 4 is stricken from the respondent’s brief, and it has not been considered in the determination of the appeal. Rivera, J.E, Florio, Eng and Roman, JJ., concur.