■ In the Matter of JALEN G., a Person Alleged to be a Juvenile Delinquent, Appellant. [961 NYS2d 536]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Jalen G. appeals from (1) an order of fact-finding and disposition of the Family Court, Dutchess County (Posner, J.), dated March 20, 2012, which, upon her admission, found that she violated the terms and conditions of probation previously imposed by the same court in an order of disposition dated May 18, 2010, placing her on probation, vacated the prior order of disposition dated May 18, 2010, and thereupon, placed her in the custody of the Dutchess County Department of Social Services for a period of up to 12 months, and (2) an order of the same court, also dated March 20, 2012, which remanded her to a nonsecure detention facility.

Ordered that the order of fact-finding and disposition, and the order of detention, are affirmed, without costs or disbursements.

Contrary to the Presentment Agency's contentions, the instant appeal has not been rendered academic by the appellant's consent to a modification of the order of fact-finding and disposition, upon the Presentment Agency's motion, to change the agency with which the appellant was placed from the Dutchess County Department of Social Services (hereinafter DSS) to the New York Office of Child and Family Services. The appellant consented only to the change of placement agency, not to placement itself. Thus, her arguments regarding the appropriateness of her placement remain viable (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]).

The appellant challenges the propriety of the Family Court's determination to place her with the DSS for a period of up to 12 months, which was contrary to the recommendation of her probation officer that she be continued on probation in the community. The Family Court has broad discretion in determining the appropriate disposition in a juvenile delinquency case (*see Matter of Antoine H.*, 81 AD3d 646 [2011]; *Matter of Gustav D.*, 79 AD3d 868, 869 [2010]; *Matter of Abel R.*, 77 AD3d 758, 759 [2010]; *Matter of Aaron P.*, 72 AD3d 826, 827 [2010]). Here, the Family Court providently exercised its discretion in placing the

appellant in the custody of the DSS for a period of up to 12 months, and in remanding the appellant to a nonsecure detention facility. Under the circumstances of this case, the disposition was the least restrictive alternative consistent with the best interests of the appellant and the needs of the community in light of, inter alia, the seriousness of the offense, the appellant's poor school attendance, and her repeated violations of the terms and conditions of probation (*see* Family Ct Act § 352.2 [2] [a]; *Matter of Donovan E.*, 92 AD3d 881, 882 [2012]; *Matter of Gabriel C.*, 90 AD3d 752, 753 [2011]; *Matter of Leonard J.*, 67 AD3d 911, 912 [2009]). Despite the appellant's contentions to the contrary, "[t]he Family Court is not bound to follow any recommendations submitted for its consideration" and may make its own determination based upon the materials and evidence before it (*Matter of Erika R.*, 55 AD3d 740, 740 [2008]; *see Matter of Calvin L.*, 83 AD3d 842, 843 [2011]). Rivera, J.P., Dickerson, Leventhal and Hall, JJ., concur.