■ In the Matter of CRISTIAN C., a Person Alleged to be a Juvenile Delinquent, Appellant. [962 NYS2d 335]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Cristian C. appeals from an order of disposition of the Family Court, Orange County (Kiedaisch, J.), dated January 27, 2012, which, upon a fact-finding order of the same court dated September 12, 2011, made after a hearing, finding that he committed acts which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree, adjudged him to be a juvenile delinquent, and, upon his consent, placed him on probation for a period of two years under stated terms and conditions, including directing him to undergo sex offender-specific therapy. This appeal brings up for review the fact-finding order dated September 12, 2011.

Ordered that the appeal from so much of the order of disposition as, upon his consent, placed the appellant on probation for a period of two years, under stated terms and conditions, includ-

ing directing him to undergo sex offender-specific therapy, is dismissed, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appellant is not aggrieved by that part of the order of disposition which placed him on probation for a period of two years under stated terms and conditions, including directing him to undergo sex offender-specific therapy, since he waived his right to a dispositional hearing and consented to the disposition (*see Matter of Khalil H.*, 80 AD3d 83, 93 [2010]; *Matter of Kemar G.*, 72 AD3d 965, 966 [2010]; *Matter of Shaheen P.J.*, 29 AD3d 996, 997 [2006]).

The appellant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see Matter of Danasia Mc.*, 94 AD3d 1122, 1123 [2012]; *Matter of Kalexis R.*, 79 AD3d 755, 756 [2010]; *Matter of Anthony R.*, 43 AD3d 939, 939-940 [2007]; *cf.* CPL 470.05 [2]). In any event, viewing the evidence at the fact-finding hearing in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *Matter of Kemar G.*, 72 AD3d at 965; *Matter of Summer D.*, 67 AD3d 1008, 1009 [2009]; *Matter of Davonte B.*, 44 AD3d 763 [2007]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts, which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree (*see* Penal Law § 130.65 [1]; *see generally People v Jessup*, 90 AD3d 782, 783-784 [2011]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*cf.* CPL 470.15 [5]; *see People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Clarissa S.*, 83 AD3d 1083, 1084 [2011]; *cf. People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determinations were not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *Matter of Charles S.*, 41 AD3d 484, 486 [2007]).

The appellant's remaining contentions are without merit. Angiolillo, J.P., Dickerson, Chambers and Lott, JJ., concur.