■ In the Matter of GEORGE R., a Person Alleged to be a Juvenile Delinquent, Appellant. [962 NYS2d 332]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, George R. appeals from (1) a fact-finding order of the Family Court, Orange County (Kiedaisch, J.), dated September 12, 2011, made after a hearing, finding that he committed acts which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree, and (2) an order of disposition of the same court dated December 23, 2011, which, upon the fact-finding order and after a dispositional hearing, adjudged him to be a juvenile delinquent and placed him on probation for a period of two years under stated terms and conditions, including directing him to undergo sex offender-specific therapy.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see Matter of Danasia Mc.*, 94 AD3d 1122, 1123 [2012]; *Matter of Kalexis R.*, 79 AD3d 755, 756 [2010]; *Matter of Anthony R.*, 43 AD3d 939, 939-940 [2007]; *cf.* CPL 470.05 [2]). In any event, viewing the evidence at the fact-finding hearing in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *Matter of Kemar G.*, 72 AD3d 965 [2010]; *Matter of Summer D.*, 67 AD3d 1008, 1009 [2009]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts, which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree (*see* Penal Law § 130.65 [1]; *see generally People v Jessup*, 90 AD3d 782, 783-784 [2011]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]; *cf.* CPL

470.15 [5]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Clarissa S.*, 83 AD3d 1083, 1084 [2011]; *cf. People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determinations were not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *Matter of Charles S.*, 41 AD3d 484, 486 [2007]).

The Family Court has broad discretion in entering dispositional orders (*see Matter of Antoine H.*, 81 AD3d 646 [2011]; *Matter of Gustav D.*, 79 AD3d 868, 869 [2010]; *Matter of Abel R.*, 77 AD3d 758 [2010]). "That discretion includes the authority to impose conditions of probation that are reasonably related to rehabilitation" (*Matter of Ashley D.*, 55 AD3d 605, 606 [2008]; *see* Family Ct Act § 353.2 [2] [h]; *cf.* Penal Law § 65.10 [2], [5]; *People v Letterlough*, 86 NY2d 259, 263-264 [1995]). Here, the disposition was appropriate in light of, inter alia, the seriousness of the incident that led to the appellant's adjudication as a juvenile delinquent, as well as the recommendations made in the probation report and the forensic mental health evaluation report (*see Matter of Gustav D.*, 79 AD3d at 869; *Matter of Eunique B.*, 73 AD3d 764 [2010]; *Matter of Jonathan F.*, 72 AD3d 963, 964 [2010]; *Matter of Javed K.*, 57 AD3d 899, 900 [2008]; *Matter of Julissa R.*, 30 AD3d 526, 528 [2006]).

Furthermore, the failure of the appellant's counsel to object to the admission of the forensic mental health evaluation insofar as it relied on the results of the Abel Assessment for Sexual Interest (hereinafter the Abel Assessment) did not constitute ineffective assistance of counsel. The forensic mental health evaluator relied on the Abel Assessment only with respect to his finding that it provided evidence that the appellant had been "deceitful and dishonest in his responses." The evaluator determined that this finding was corroborated by the appellant's Social Desirability Score, the reliability of which the appellant did not contest before the Family Court and does not contest now on appeal. Since the finding of the forensic evaluator based upon the Abel Assessment was corroborated, counsel was not ineffective for failing to challenge the admissibility of the results of the Abel Assessment, irrespective of the merits of this particular assessment tool (*see generally People v Yagudayev*, 91 AD3d 888, 890 [2012]). Contrary to the appellant's contention, the forensic mental health evaluation was properly admitted into evidence and considered by the Family Court for the purpose of making its dispositional order (*see Matter of Eunique B.*, 73 AD3d at 764; *Matter of Julissa R.*, 30 AD3d at 528; *cf.*

*State v Victor O.*, 301 Conn 163, 175-176, 20 A3d 669, 679 [2011], *cert denied* 565 US —, 132 S Ct 583 [2011]). Angiolillo, J.P., Dickerson, Chambers and Lott, JJ., concur.