■ In the Matter of RYAN G., a Person Alleged to be a Juvenile Delinquent, Appellant. [976 NYS2d 399]—

In two related juvenile delinquency proceedings pursuant to Family Court Act article 3, Ryan G. appeals from (1) an order of disposition of the Family Court, Queens County (Bogacz, J.), dated February 21, 2013, which, upon a fact-finding order of the same court dated January 2, 2013, made upon his admission, finding that he had committed an act which, if committed by an adult, would have constituted the crime of grand larceny in the fourth degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for placement in a limited secure facility for a period of 18 months under docket No. D-02320-12, and (2) an order of disposition of the same court, also dated February 21, 2013, which, upon a fact-finding order of the same court dated September 12, 2012, made upon his admission, finding that he had committed an act which, if committed by an adult, would have constituted the crime of robbery in the third degree, adjudged him to be a juvenile delinquent, and placed him in the custody of the New York State Office of Children and Family Services for placement in a limited secure facility for a period of

18 months under docket No. D-17640-12, with credit for time spent in detention pending disposition.

Ordered that the orders of disposition are affirmed, without costs or disbursements.

The Family Court has broad discretion in entering dispositional orders (*see* Family Ct Act § 141; *Matter of Leonard J.*, 67 AD3d 911 [2009]; *Matter of Michael L.*, 64 AD3d 780, 781 [2009]; *Matter of Bruce B.*, 54 AD3d 1031 [2008]), and its determination is accorded great deference (*see Matter of Paul T.*, 107 AD3d 726, 727 [2013]). Here, with regard to the two subject orders of disposition, the Family Court providently exercised its discretion in placing the appellant in the custody of the New York State Office of Children and Family Services for placement in a limited secure facility for a period of 18 months. The record establishes that the dispositions were the least restrictive alternative consistent with the best interests of the appellant and the needs of the community (*see* Family Ct Act § 352.2 [2] [a]), particularly in light of, inter alia, his need for structure, supervision, and therapeutic services, his history of arrests and record of truancy, the findings in the mental health services report, and the recommendation in the probation report (*see Matter of Paul T.*, 107 AD3d at 727; *Matter of Calvin L.*, 83 AD3d 842, 843 [2011]; *Matter of Jesse F.J.*, 83 AD3d 710, 711 [2011]; *Matter of Bruce B.*, 54 AD3d at 1031-1032; *Matter of Quamel J.*, 51 AD3d 793, 794 [2008]; *Matter of Joseph B.*, 49 AD3d 1309 [2008]). Rivera, J.P., Dillon, Chambers and Hinds-Radix, JJ., concur.