Matter of Brandon S. (2019 NY Slip Op 01416)





Matter of Brandon S.


2019 NY Slip Op 01416


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-02264
 (Docket No. D-6948-17)

[*1]In the Matter of Brandon S. (Anonymous), appellant.


W. David Eddy, Jr., White Plains, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Linda Trentacoste and Justin R. Adin of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Brandon S. appeals from an order of fact-finding and disposition of the Family Court, Westchester County (Mary Anne Scattarretico-Naber, J.), entered January 22, 2018. The order of fact-finding and disposition, after a hearing, found that Brandon S. committed acts which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree, adjudicated him a juvenile delinquent, and placed him on probation for a period of two years.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The appellant's contention that the evidence was legally insufficient is unpreserved for appellate review (see Matter of Jonathan F., 72 AD3d 963, 963-964; Matter of John M.P., 54 AD3d 1041, 1042; cf. People v Hawkins, 11 NY3d 484). In any event, viewing the evidence adduced at the fact-finding hearing in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793; Matter of Kemar G., 72 AD3d 965; Matter of Summer D., 67 AD3d 1008, 1009), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts, which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree (see Penal Law § 130.65[1]; People v Jessup, 90 AD3d 782, 783-784). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see People v Danielson, 9 NY3d 342, 348; cf. CPL 470.15[5]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Clarissa S., 83 AD3d 1083, 1084; cf. People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determinations were not against the weight of the evidence (see Family Ct Act § 342.2[2]; Matter of Charles S., 41 AD3d 484, 486).
The Family Court has broad discretion in entering dispositional orders (see Matter of Antoine H., 81 AD3d 646; Matter of Gustav D., 79 AD3d 868, 869; Matter of Abel R., 77 AD3d 758). "That discretion includes the authority to impose conditions of probation that are reasonably related to rehabilitation" (Matter of Ashley D., 55 AD3d 605, 606; see Family Ct Act § 353.2[2][h]; cf. Penal Law § 65.10[2], [5]; People v Letterlough, 86 NY2d 259, 263-264). Here, contrary to the appellant's contentions, the disposition was appropriate in light of, inter alia, the seriousness of the [*2]incident that led to the appellant's adjudication as a juvenile delinquent, as well as the recommendations made in the probation report and the forensic evaluation report (see Matter of Gustav D., 79 AD3d at 869; Matter of Eunique B., 73 AD3d 764; Matter of Jonathan F., 72 AD3d 963, 964; Matter of Javed K., 57 AD3d 899, 900; Matter of Julissa R., 30 AD3d 526, 528).
The appellant failed to preserve for appellate review his argument with respect to the timeliness of the fact-finding hearing because he did not move to dismiss the petition in the Family Court (see Matter of Yarras F., 5 AD3d 481, 481; Matter of Kovan Clearance D., 288 AD2d 219, 220; Matter of Naiquan T., 265 AD2d 331, 332). In any event, the appellant's contention that the fact-finding hearing was not timely commenced is without merit (see Family Ct Act § 340.1[1], [2]).
The appellant's remaining contentions are without merit.
LEVENTHAL, J.P., ROMAN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court