69 N.Y.2d 792 (1987)
In the Matter of David H., a Person Alleged to be a Juvenile Delinquent, Appellant.
Court of Appeals of the State of New York.
Decided February 12, 1987.
Carol Goldstein, Lenore Gittis and John F. McGlynn for appellant.
Doron Gopstein, Acting Corporation Counsel (Helen P. Brown of counsel), for respondent.
Chief Judge WACHTLER and Judges SIMONS, KAYE, ALEXANDER, TITONE, HANCOCK, JR., and BELLACOSA concur.
*793 MEMORANDUM.
The order of the Appellate Division should be modified, without costs, by reversing the adjudication insofar as it is based on the finding of sexual abuse and vacating the dispositional order, and the matter remitted to Family Court, New York County, for a new dispositional hearing in accordance with this memorandum, and, as so modified, affirmed.
Viewing the evidence in the light most favorable to the presentment agency, there is sufficient evidence to support the Family Court's finding that appellant committed acts which, if committed by an adult, would constitute unlawful imprisonment in the second degree (Penal Law § 135.05). A witness testified that she heard screaming emanating from above the fourth floor minutes before she saw appellant (then 12 years old) pull Amanda (then five years old) down the stairs. From this evidence the court inferred that the force caused the bruise on Amanda's forearm and the scratches on her neck, as well as the damage to the metal fasteners on her overalls. There was evidence to support the findings that appellant had received no permission from Amanda's mother to interfere with the child in this manner and was aware of the unlawfulness of his actions.
There is insufficient evidence, however, to support Family Court's additional finding that appellant committed acts *794 which, if committed by an adult, would constitute attempted sexual abuse in the first degree (Penal Law §§ 110.00, 130.65 [1]). Although the presentment agency was not obligated to prove a completed crime, and although the agency did prove use of force, there is no evidence that appellant attempted to subject Amanda to sexual contact (see, Penal Law § 130.00 [3]). Medical examination of the child shortly after the incident revealed no evidence of sexual contact. Family Court found that Amanda was incompetent to give unsworn testimony, and therefore did not consider her statements, and further found that in the circumstances the pubic hair was not reliable evidence against appellant. Finally, the child's overalls  though dirty and damaged  proved only that appellant unlawfully restrained Amanda, not that he attempted to engage in any sexual contact.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order modified, without costs, and matter remitted to the Family Court, New York County, for a new dispositional hearing in accordance with the memorandum herein and, as so modified, affirmed.