■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN HINES, Appellant.—Appeal by the defendant from a judgment by the Supreme Court, Westchester County (Colabella, J.), rendered January 24, 1989, convicting him of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court's supplemental charge on constructive possession provided a meaningful response to the jury's request for a definition of constructive possession *(see, People v Malloy,* 55 NY2d 296, 302, *cert denied* 459 US 847; *People v Duncan,* 46 NY2d 74, 79, *cert denied* 442 US 910). The court provided the jury with a definition of "constructive possession", which it repeated at several junctures of its supplemental charge, and instructed the jury that such possession must be knowing. Additionally, the court admonished the jury that "whether the defendant in this case constructively possessed the weapon is an issue of fact for the jury to determine". The court was not also

required, as the defendant urges on appeal, to provide the jury with a rereading of the original charge in its entirety. Moreover, there was no subsequent expression by the jury that its concern had not been satisfied *(see, People v Malloy, supra,* at 303).

We similarly reject the defendant's contention that the trial court's charge on the statutory presumption of possession of a weapon *(see,* Penal Law § 265.15 [3]) was improper by reason of the inclusion of the exception under clause (b) for drivers of automobiles operated for hire. The defendant was one of two passengers in a taxicab at the time of his arrest, and the gun was discovered in the passenger compartment of the taxicab. At trial, the defendant's rebuttal evidence was predicated in part on imputing ownership of the gun to the taxicab driver. Under these circumstances, there was no impropriety in charging the jury with the statutory presumption of possession in its entirety. We also note that the court correctly instructed the jury that the presumption was permissive *(see, People v McKenzie,* 67 NY2d 695, 696), and emphasized that the burden of proof remained on the prosecution throughout the case.

We have examined the defendant's remaining contentions, and find them to be either without merit or unpreserved for appellate review *(see, People v Balls,* 69 NY2d 641; *People v Thomas,* 50 NY2d 467; *People v Edwards,* 47 NY2d 493). Thompson, J. P., Eiber, Miller and Ritter, JJ., concur.