■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUGH TRACY MORRIS, Also Known as TRACY MORRIS, Appel-

lant. [638 NYS2d 331] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered April 29, 1994, convicting him of sodomy in the first degree (two counts) and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245). In any event, it is without merit. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

As the defendant concedes, the jury's verdict of not guilty on two charges of rape in the first degree and three charges of sodomy in the first degree does not render the guilty verdict of two counts of sodomy in the first degree based upon anal sodomy repugnant as a matter of law (see, People v Tucker, 55 NY2d 1; People v Hill, 161 AD2d 728). Contrary to the defendant's contention, the acquittal on certain counts does not require that the guilty verdict be set aside on grounds of legal or factual insufficiency. The jury could have believed that while the charges of anal sodomy were proven beyond a reasonable doubt, the rape and oral sodomy charges were not.

The sentencing court did not err by imposing consecutive sentences on the sodomy convictions, since they were imposed for separate and distinct acts (see, People v Thomas, 166 AD2d 624; People v Boyce, 133 AD2d 164; People v Brown, 66 AD2d 223, 226). Mangano, P. J., Copertino, Joy and Altman, JJ., concur.