■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE PARRA, Appellant. [697 NYS2d 7] —Judgment, Supreme Court, Bronx County (Dominic Massaro, J.), rendered June 26, 1996, convicting defendant, after a jury trial, of sodomy in the first degree, sexual abuse in the first degree, unlawful imprisonment in the second degree and assault in the third degree, and sentencing him, as a second felony offender, to a term of 7½ to 15 years concurrent with three concurrent terms of 1 year, unanimously affirmed.

We reject defendant's claim that the guilty verdict on the sodomy charge was not supported by credible evidence. The court properly instructed that the jury was free to accept or reject all or any portion of the testimony presented, and thus the jury could reasonably determine that force was used in connection with only certain of the charges (*see, People v Tucker*, 55 NY2d 1, 8). Since the People presented evidence of various acts of forcible contact, and since the court instructed the jury to consider separately each crime charged, defendant's acquittal on certain charges does not undermine the weight or sufficiency of the evidence on any of the remaining charges (*see, People v Goodfriend*, 64 NY2d 695, 697; *People v Morris*, 224 AD2d 450, *lv denied* 88 NY2d 968).

Defendant did not preserve his claim that the court failed to follow the three-step *Batson* inquiry procedure and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court complied substantially with such procedure (*see, People v Payne*, 88 NY2d 172, 184). Further, since defendant did not challenge as pretextual the facially race-neutral reasons proffered for the prosecutor's peremptory challenges to three female venirepersons, and since no discriminatory intent was inherent in any of the prosecutor's explanations, the court properly ruled that defendant's ultimate burden of proof was not satisfied (*see, People v Allen*, 86 NY2d 101, 111). Concur—Sullivan, J. P., Nardelli, Wallach, Andrias and Buckley, JJ.