■ In the Matter of JOSEPH H., a Person Alleged to be a Juvenile Delinquent, Appellant. [865 NYS2d 620]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Freeman, J.), dated August 8, 2007, which, upon a fact-finding order of the same court (Spodek, J.), dated February 6, 2007, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree (four counts) and criminal possession of stolen property in the fifth degree (two counts), adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months. The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of probation has expired (*see Matter of Daniel R.,* 51 AD3d 933 [2008]); and it is further,

Ordered that the order of disposition is modified, on the law, by deleting the provision thereof adjudicating the appellant a juvenile delinquent based upon the finding that, with respect to the Mongoose bicycle removed from the Georgia Avenue premises in Kings County, New York, on February 21, 2006, he committed acts which, if committed by an adult, would have constituted the crime of robbery in the second degree (two counts), and substituting therefor a provision dismissing those counts of the criminal complaint; as so modified, the order of disposition is affirmed insofar as reviewed, without costs or disbursements, and the fact-finding order is modified accordingly.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *Matter of Kenyetta F.*, 49 AD3d 540, 541 [2008]), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree (two counts) based upon a theory of accomplice liability regarding the theft of a bicycle that took place at Evergreen and Harmon Avenues in Kings County, New York, on February 21, 2006, and criminal possession of stolen property in the fifth degree (two counts) based upon a theory of accomplice liability regarding the thefts of two bicycles (*see* Penal Law §§ 20.00, 160.10 [1], [2] [a]; §§ 160.00, 165.40; *Matter of Kenyetta F.*, 49 AD3d 540, 541 [2008]; *Matter of Jonathan V.*, 43 AD3d 470, 471 [2007]; *Matter of Louis C.*, 6 AD3d 430, 431 [2004]). Furthermore, resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see Matter of Briona T.G.*, 47 AD3d 811, 812 [2008]; *Matter of Thomas S.*, 26 AD3d 389, 390 [2006]). Upon the exercise of our factual review power, we are satisfied that, with respect to the foregoing offenses, the findings of fact were not against the weight of the evidence (*cf.* CPL 470.15 [5]).

However, viewing the evidence in the light most favorable to the presentment agency, we agree with the appellant that it was legally insufficient to establish beyond a reasonable doubt that, with respect to the Mongoose bicycle removed from the Georgia Avenue premises in Kings County, New York, on February 21, 2006, the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree (two counts) under Penal Law § 160.10 (1) and (2) (a), as the criminal complaint charged. In particular, both of those provisions require a "forcible stealing" within the meaning of Penal Law § 160.00. As relevant here, that section provides that a forcible stealing occurs when a person "uses or threatens the immediate use of physical force upon another person" for the purpose of "[p]reventing or overcoming resistance to the taking of the [subject] property or to the retention thereof immediately after the taking" (Penal Law § 160.00 [1]). Here, the evidence demonstrated that no force was used when the Mongoose bicycle was removed from the Georgia Avenue premises. Indeed, the complainant was not physically present at the scene of the removal, and did not become aware of it until about two to three minutes after the fact, at which time the perpetrators and the bicycle were gone. Furthermore, the evidence was insufficient to demonstrate that any force was used

to retain the bicycle immediately after it was taken (*see People v Robertson,* 53 AD3d 791 [2008]; *cf. People v Rumrill,* 40 AD3d 1273, 1274-1275 [2007]; *People v Johnstone,* 131 AD2d 782, 782-783 [1987]), and there was insufficient evidence to demonstrate a forcible stealing under the alternate definition of that term (*see* Penal Law § 160.00 [2]).

The appellant's remaining contentions are without merit. Rivera, J.P., Miller, Angiolillo and Chambers, JJ., concur.