■ In the Matter of HASAN C., Appellant. [873 NYS2d 709]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Elkins, J.), dated June 16, 2008, which, upon a fact-finding order of the same court dated April 15, 2008, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of burglary in the second degree, sexual abuse in the second degree, and sexual abuse in the third degree, adjudged him to be a juvenile delinquent, and placed him on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated April 15, 2008.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.,* 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish that the appellant committed acts, which, if committed by an adult, would have constituted the crimes of burglary in the second degree (*see* Penal Law § 140.25 [2]), sexual abuse in the second degree (*see* Penal Law § 130.60 [2]), and sexual abuse in the third degree (*see* Penal Law § 130.55). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Victor I.,* 57 AD3d 779 [2008]; *Matter of Robert A.,* 57 AD3d 770 [2008]; *cf.* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Victor I.,* 57 AD3d 779 [2008]; *Matter of Robert A.,* 57 AD3d 770 [2008]; *cf. People v Mateo,* 2 NY3d 383, 410 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the findings of fact were not against the weight of

the evidence (*see Matter of Victor I.,* 57 AD3d 779 [2008]; *Matter of Robert A.,* 57 AD3d 770 [2008]; *cf. People v Romero,* 7 NY3d 633 [2006]).

The Family Court was free to believe some portions of the complainant's testimony and reject others (*see People v Henderson,* 41 NY2d 233, 236 [1976]; *see also People v Parra,* 265 AD2d 172 [1999]; *People v Morris,* 224 AD2d 450 [1996]).

The appellant's remaining contention is unpreserved for appellate review. Spolzino, J.P., Santucci, Angiolillo and Eng, JJ., concur.