In the Matter of DARNELL C., Appellant. [887 NYS2d 211]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Elkins, J.), dated June 18, 2008, which, upon a fact-finding order of the same court dated May 1, 2008, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and theft of services, and acts which constituted the crime of possession of a weapon by a person under sixteen,

adjudged him to be a juvenile delinquent, and placed him in the custody of the Office of Children and Family Services for a period of 12 months.

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the Office of Children and Family Services for a period of 12 months is dismissed as academic, without costs or disbursements, as the placement has expired pursuant to its terms (*see Matter of Joseph R.,* 49 AD3d 651 [2008]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.,* 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and committed acts constituting the crime of possession of a weapon by a person under sixteen (*see* Penal Law § 265.03 [3]; § 265.02 [3]; § 265.05). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Hasan C.,* 59 AD3d 617 [2009]; *Matter of Victor I.,* 57 AD3d 779 [2008]; *cf.* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the trier of fact's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Daniel R.,* 51 AD3d 933, 933-934 [2008]; *cf. People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *cf. People v Romero,* 7 NY3d 633, 644-645 [2006]).

Specifically, with respect to criminal possession of a weapon in the third degree, contrary to the appellant's contention, the Family Court properly applied the so-called "automobile presumption" (*see* Penal Law § 265.15 [3]; *Matter of Jonathan V.,* 55 AD3d 273, 278 [2008]; *Matter of Tamara E.,* 19 AD3d 489, 490 [2005]; *People v O'Brien,* 212 AD2d 741, 742 [1995]; *People v Hines,* 173 AD2d 730, 730-731 [1991]). There is no merit to the appellant's contention that the presentment agency did not offer any evidence that he had knowledge of the weapon's defacement and, thus, failed to prove beyond a reasonable doubt that he committed acts which, if committed by an adult, would have constituted the crime of criminal possession of a weapon

in the third degree (Penal Law § 265.02 [3]). Pursuant to Penal Law § 265.15 (5), "[t]he possession by any person of a defaced . . . firearm . . . is presumptive evidence that such person defaced the same" (Penal Law § 265.15 [5]; *see Matter of Gregory M.,* 184 AD2d 252 [1992], *affd* 82 NY2d 588 [1993]).

The appellant's remaining contention is unpreserved for appellate review, and we decline to review it in the exercise of our interest of justice jurisdiction. Rivera, J.P., Florio, Eng and Leventhal, JJ., concur.