In a juvenile delin *1068 quency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Turbow, J.), dated June 11, 2009, which, upon a fact-finding order of the same court dated March 2, 2009, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crime of obstructing governmental administration in the second degree, adjudged him to be a juvenile delinquent, and placed him with the New York State Office of Children and Family Services for a period of 12 months. The appeal brings up for review the fact-finding order dated March 2, 2009.
Ordered that the appeal from so much of the order of disposition as placed the appellant with the New York State Office of Children and Family Services for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,
Ordered that the order of disposition is affirmed insofar as reviewed, without costs and disbursements.
The appeal from so much of the order of disposition as placed the appellant with the New York State Office of Children and Family Services for a period of 12 months has been rendered academic, as the period of placement has expired (see Matter of Vanna W., 45 AD3d 855 [2007]; Matter of Sydney N., 42 AD3d 539 [2007]; Matter of Christian M., 37 AD3d 834 [2007]). However, because there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent and which brings up for review the fact-finding order, has not been rendered academic (see Family Ct Act § 783; Matter of Dorothy D., 49 NY2d 212 [1980]).
Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]; Matter of Summer D., 67 AD3d 1008 [2009]; Matter of Davonte B., 44 AD3d 763 [2007]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts, which, if committed by an adult, would have constituted the crimes of obstructing governmental administration in the second degree (see Penal Law § 195.05; cf. People v Romeo, 9 AD3d 744 [2004]; Matter of Joshua C., 289 AD2d 1095 [2001]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Hasan C., 59 AD3d 617, 617-618 [2009]; cf. CPL 470.15 [5]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Daniel R., 51 *1069 AD3d 933 [2008]; cf. People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the Family Court’s fact-finding determination was not against the weight of the evidence (see Family Ct Act § 342.2 [2]; Matter of Darnell C., 66 AD3d 771, 772 [2009]; cf. People v Romero, 7 NY3d 633 [2006]). Skelos, J.P., Santucci, Leventhal and Hall, JJ., concur.