■ In the Matter of EQUIA B., Appellant. [910 NYS2d 909]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Turbow, J.), dated March 17, 2010, which, upon a fact-finding order of the same court dated July 29, 2009, finding that the appellant had committed an act which, if committed by an adult, would have constituted a violation of section 10-131 (b) (1) of the Administrative Code of the City of New York which prohibits the unlicensed sale or possession of air pistols and air rifles, and committed an act which constituted the crime of unlawful possession of weapons by persons under the age of 16 in violation of Penal Law § 265.05, adjudged him to be a juvenile delinquent, placed him with the Office of Children and Family Services for a period of 12 months, and

directed that he be temporarily transferred to a psychiatric facility of the Department of Mental Hygiene. The appeal from the order of disposition brings up for review the fact-finding order dated July 29, 2009.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see* Family Ct Act § 342.2 [2]; *Matter of David H.*, 69 NY2d 792 [1987]; *cf. People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that the appellant committed an act, which, if committed by an adult, would have constituted a violation of section 10-131 (b) (1) of the Administrative Code of the City of New York, and committed an act which constituted the crime of unlawful possession of weapons by persons under the age of 16, in violation of Penal Law § 265.05 (*see Matter of Shallany S.*, 11 AD3d 414 [2004]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Hasan C.*, 59 AD3d 617 [2009]; *cf.* CPL 470.15 [5]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Daniel R.*, 51 AD3d 933 [2008]; *Matter of Omar G.*, 38 AD3d 549 [2007]). Upon reviewing the record, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *Matter of Darnell C.*, 66 AD3d 771 [2009]; *cf. People v Romero*, 7 NY3d 633, 644-645 [2006]).

The appellant's remaining contentions are without merit. Mastro, J.P., Fisher, Leventhal and Belen, JJ., concur.