■ In the Matter of JAVAN P., a Person Alleged to be a Juvenile Delinquent, Appellant. [917 NYS2d 243]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Javan P. appeals from an order of disposition of the Family Court, Nassau County (Greenberg, J.), dated October 2, 2009, which, upon a fact-finding order of the same court dated August 19, 2009, made after a hearing, finding that he committed acts which, if committed by an adult, would have constituted the crimes of forcible touching, menacing in the second degree, menacing in the third degree, and criminal possession of a weapon in the fourth degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 12 months. The appeal brings up for review the fact-finding order dated August 19, 2009.

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months has been rendered academic, as the placement has expired (*see Matter of Willie J.*, 76 AD3d 1075 [2010]; *Matter of Crystal B.*, 63 AD3d 1056, 1057 [2009]; *Matter of Dominique R.*, 57 AD3d 550 [2008]; *Matter of Toni Ann O.*, 56 AD3d 563 [2008]; *Matter of Joseph R.*, 49 AD3d 651 [2008]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *cf. People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of forcible touching (*see* Penal Law § 130.52), menacing in the second degree (*see* Penal Law § 120.14 [1]), menacing in the third degree (*see* Penal Law § 120.15), and criminal possession of a weapon in the fourth degree (*see* Penal Law § 265.01 [1]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Hasan C.*, 59 AD3d 617, 617-618 [2009]; *Matter of Robert A.*, 57 AD3d 770, 771 [2008]; *cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Hasan C.*, 59 AD3d at 618; *Matter of Robert A.*, 57 AD3d at 771; *cf. People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court's factfinding determination was not against the weight of the evidence (*cf. People v Romero*, 7 NY3d 633 [2006]).

The appellant's remaining contention is without merit. Covello, J.P., Chambers, Lott and Cohen, JJ., concur.