■ In the Matter of Danasia Mc., a Person Alleged to be a Juvenile Delinquent, Appellant. [943 NYS2d 549]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from (1) a fact-finding order of the Family Court, Kings County (Elkins, J.), dated November 3, 2010, made after a hearing, finding that the appellant committed acts, which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the fourth degree, criminal possession of a disguised gun, criminal possession of a weapon in the fourth degree with intent to use (two counts), and posses-

sion of pistol or revolver ammunition, and committed the crime of unlawful possession of weapons by a persons under 16 (three counts), and (2) an order of disposition of the same court dated July 26, 2011, which, upon the fact-finding order and after a dispositional hearing, inter alia, adjudged her to be a juvenile delinquent, and placed her on probation for a period of 12 months.

Ordered that the appeal from the fact-finding order dated November 3, 2010, is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition dated July 26, 2011, is affirmed, without costs or disbursements.

The appellant's contention that the Family Court erred in failing to apply the circumstantial evidence standard in this case is unpreserved for appellate review (*cf. Matter of Charles S.*, 41 AD3d 484 [2007]; *Matter of James G.*, 309 AD2d 935 [2003]; CPL 470.05 [2]). In any event, the claim is without merit. "[I]n a bench trial, it is presumed that the Judge sitting as the trier of fact made his [or her] decision based upon 'appropriate legal criteria' " (*People v Marvin*, 216 AD2d 930, 930 [1995], quoting *People v Moreno*, 70 NY2d 403, 406 [1987]). Moreover, it is not necessary to use the words "moral certainty" in evaluating a wholly circumstantial case (*see People v Sanchez*, 61 NY2d 1022, 1024 [1984]), as long as the factfinder engages in the "more complex and problematical reasoning process necessarily undertaken in cases of purely circumstantial evidence" (*People v Barnes*, 50 NY2d 375, 381 [1980]; *see People v Kennedy*, 47 NY2d 196, 201-203 [1979]; *Matter of Kevin B.*, 128 AD2d 63, 69-70 [1987], *affd sub nom. Matter of Timothy L.*, 71 NY2d 835 [1988]). We are satisfied that the Family Court engaged in the aforesaid "complex and problematical reasoning process."

The appellant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*cf. Matter of Charles S.*, 41 AD3d 484 [2007]; *Matter of James G.*, 309 AD2d 935 [2003]; CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *Matter of Summer D.*, 67 AD3d 1008, 1008-1009 [2009]; *Matter of Davonte B.*, 44 AD3d 763, 764 [2007]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts, which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]), criminal possession of a

disguised gun (Penal Law § 265.02 [6]), criminal possession of a weapon in the fourth degree with intent to use (Penal Law § 265.01 [2]), and possession of a pistol or revolver ammunition, and committed the crime of unlawful possession of weapons by a persons under 16 (Penal Law § 265.05). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Hasan C.*, 59 AD3d 617, 617-618 [2009]; *cf.* CPL 470.15 [5]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Daniel R.*, 51 AD3d 933, 934 [2008]; *cf. People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *Matter of Darnell C.*, 66 AD3d 771, 772 [2009]; *cf. People v Romero*, 7 NY3d 633, 644-645 [2006]). Mastro, A.P.J., Balkin, Sgroi and Cohen, JJ., concur.