█ In the Matter of DAMARIS S., Appellant. [962 NYS2d 721]— In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Damaris S. appeals from an order of disposition of the Family Court, Orange County (Bivona, J.), dated April 11, 2012, which, upon a fact-finding order of the same court dated January 23, 2012, made after a hearing, finding that he committed acts which, if committed by an adult, would have constituted the crime of criminal possession of stolen property in the fifth degree, and, upon his consent, placed him on probation for a period of two years under stated terms and conditions. The appeal from the order of disposition brings up for review the fact-finding order and the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the appeal from so much of the order of disposition as, upon the appellant's consent, placed the appellant on probation for a period of two years under stated terms and conditions is dismissed, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Contrary to appellant's contention that the Family Court used the wrong standard of proof in evaluating that branch of his omnibus motion which was to suppress his statements to law enforcement officials, the Family Court properly determined that the appellant's statements were voluntary beyond a reasonable doubt (see generally Matter of Paul QQ., 256 AD2d 751, 751 [1998]; Matter of Julian B., 125 AD2d 666 [1986]), and properly denied that branch of his motion.

Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]; Matter of Summer D., 67 AD3d 1008, 1009 [2009]; Matter of Davonte B., 44 AD3d 763, 764 [2007]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crime of criminal possession of

stolen property in the fifth degree (*see* Penal Law § 165.40; *Matter of Joseph H.*, 55 AD3d 608, 609 [2008]; *Matter of Tanasia Elanie E.*, 49 AD3d 642, 643 [2008]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Hasan C.*, 59 AD3d 617, 617-618 [2009]; *cf.* CPL 470.15 [5]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Victor I.*, 57 AD3d 779, 779-780 [2008]; *cf. People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *Matter of Darnell C.*, 66 AD3d 771, 772 [2009]; *cf. People v Romero*, 7 NY3d 633 [2006]).

Contrary to the appellant's contention, his consent to the disposition of probation was not coerced. Since the appellant voluntarily consented to the disposition, the appellant is not aggrieved by that part of the order of disposition which placed him on probation for a period of two years under stated terms and conditions (*see Matter of Khalil H.*, 80 AD3d 83, 93 [2010]; *Matter of Shaheen P.J.*, 29 AD3d 996, 997 [2006]). Rivera, J.P., Dickerson, Leventhal and Hinds-Radix, JJ., concur.