*998 In two related juvenile delinquency proceedings pursuant to Family Court Act article 3, Uriah M. appeals from (1) a fact-finding order of the Family Court, Nassau County (Singer, J.), dated January 23, 2012, which, after a hearing, found that he committed acts which, if committed by an adult, would have constituted the crime of attempted burglary in the second degree under docket No. D-11632-11, (2) a fact-finding order of the same court, also dated January 23, 2012, which, after a hearing, found that he committed acts which, if committed by an adult, would have constituted the crime of attempted burglary in the second degree under docket No. D-11751-11, and (3) two orders of disposition of the same court (one in each proceeding), both dated February 1, 2012, which adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 15 months. The appeals bring up for review the denial of the appellant’s motion to suppress his written statement to law enforcement officials.
Ordered that the appeals from the fact-finding orders are dismissed as superseded by the respective orders of disposition, without costs or disbursements; and it is further,
Ordered that the appeals from so much of the orders of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 15 months are dismissed as academic, without costs or disbursements, as the period of placement has expired; and it is further,
Ordered that the orders of disposition are affirmed insofar as reviewed, without costs or disbursements.
Contrary to the appellant’s contention, the Family Court properly determined that there was probable cause for the arresting officer to take the appellant into custody, since “[t]he facts and circumstances known to the arresting officer would have warranted a reasonable person, who possessed the same expertise as the officer, to conclude that a crime was being or had been committed and that the appellant committed it” (Matter of Eric C., 281 AD2d 543, 544 [2001]; see People v Mercado, 68 NY2d 874, 877 [1986], cert denied 479 US 1095 [1987]; Matter of Starsha R., 96 AD3d 952, 952 [2012]).
The Family Court also properly declined to suppress the appellant’s written statement provided to law enforcement officials, since the statement was made after the administration of Miranda rights (see Miranda v Arizona, 384 US 436 [1966]) and, thus, the statement was the product of a knowing waiver (see People v White, 40 AD3d 662, 663 [2007], affd 10 NY3d 286 [2008], cert denied 555 US 897 [2008]; People v Santos, 38 AD3d *999 574, 575 [2007], cert denied 552 US 960 [2007]). Further, contrary to the appellant’s contention that the subject statement should have been suppressed because he was represented by counsel with respect to an unrelated open case pending against him at that time, the appellant was not precluded from waiving his right to counsel without an attorney present with respect to this matter (see People v Steward, 88 NY2d 496, 502 [1996]; People v Cowan, 92 AD3d 794, 795 [2012]; People v Madison, 22 AD3d 684, 685-686 [2005]).
Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]; Matter of Quamel D., 78 AD3d 1050, 1051 [2010]), the evidence was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crime of attempted burglary in the second degree (see Penal Law §§ 110.00, 140.25 [2]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Javan P., 81 AD3d 833, 834 [2011]; Matter of Hasan C., 59 AD3d 617, 617-618 [2009]), we nevertheless accord great deference to the factfinder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see Matter of Javan P., 81 AD3d at 834; Matter of Hasan C., 59 AD3d at 618; Matter of Victor I., 57 AD3d 779 [2008]). Upon reviewing the record here, we are satisfied that the Family Court’s fact-finding determinations were not against the weight of the evidence (see Family Ct Act § 342.2 [2]; cf. People v Romero, 7 NY3d 633 [2006]).
The appellant’s remaining contentions are without merit. Balkin, J.P., Lott, Austin and Sgroi, JJ., concur.