In a juvenile delinquency proceeding pursuant to Family Court Act article 3, D.D.W appeals from an order of disposition of the Family Court, Kings County (Ambrosio, J.), dated June 5, 2012, which, upon a fact-finding order of the same court dated April 20, 2012, made after a hearing, finding that he committed acts which, if committed by an adult, would have constituted the crimes of obstructing governmental administration in the second degree and resisting arrest, adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months. The appeal from the order of disposition brings up for review the fact-finding order.
Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, as the period of probation has expired; and it is further,
Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]; Matter of Tanza A., 88 AD3d 874, 875 [2011]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of obstructing governmental administration in the second degree and resisting arrest (see Penal Law §§ 195.05, 205.30). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (cf. CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (cf. People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court’s fact-finding determinations were not against the weight of the evidence (cf. People v Romero, 7 NY3d 633 [2006]). Rivera, J.P., Dillon, Dickerson and Austin, JJ., concur.