The appeal from so much of the order of disposition as placed *780 the appellant on probation for a period of 12 months has been rendered academic, as the period of placement has expired (see Matter of Stanley F., 76 AD3d 1067, 1068 [2010]). However, since there may be collateral consequences of the adjudication of delinquency, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent has not been rendered academic (see Family Ct Act § 783; Matter of Dorothy D., 49 NY2d 212 [1980]; Matter of Stanley F., 76 AD3d at 1068).
The appellant was alleged to have intentionally caused a school administrator to suffer physical injury by kicking her. At the conclusion of the fact-finding hearing, the Family Court found that the evidence proved beyond a reasonable doubt that the appellant intended to cause the complainant to suffer physical injury and that the complainant suffered physical injury. Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]; Matter of Racheal M., 108 AD3d 770, 771 [2013]; Matter of Ashley P., 74 AD3d 1075 [2010]; cf. People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed acts that, if committed by an adult, would constitute the crime of assault in the second degree (see Penal Law § 120.05 [10]; Matter of Imani Mc., 78 AD3d 705, 706 [2010]; Matter of Stanley F., 76 AD3d at 1068). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Hasan C., 59 AD3d 617, 617-618 [2009]; cf. CPL 470.15 [5]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Stanley F., 76 AD3d at 1068-1069; cf. People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the Family Court’s fact-finding determination was not against the weight of the evidence (see Family Ct Act § 342.2 [2]; Matter of Darnell C., 66 AD3d 771, 772 [2009]; cf. People v Romero, 7 NY3d 633 [2006]).
The Family Court has broad discretion in determining the appropriate disposition in a juvenile delinquency proceeding, and its determination is accorded great deference (see Matter of Racheal M., 108 AD3d at 771; Matter of Paul T., 107 AD3d 726, 727 [2013]). Here, in light of the seriousness of the appellant’s conduct, as well as his refusal to take responsibility for it and his need for monitoring, the Family Court did not improvidently exercise its discretion in adjudicating the appellant a juvenile *781 delinquent (see Family Ct Act § 352.2), rather than directing an adjournment in contemplation of dismissal (see Matter of Chakelton M., 111 AD3d 732 [2013]; Matter of Racheal M., 108 AD3d at 771-772; Matter of Leighton F., 108 AD3d 669, 670 [2013]; cf. Matter of Jonathan M., 107 AD3d 805, 807 [2013]). Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur.