◼ In the Matter of KEIR B., a Person Alleged to be a Juvenile Delinquent, Appellant. [982 NYS2d 347]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Keir B. appeals from (1) a fact-finding order of the Family Court, Richmond County (Sacco, J.), dated May 20, 2013, made after a fact-finding hearing, finding that he committed acts, which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree, and (2) an order of disposition of the same court dated July 9, 2013, which, upon the fact-finding order, inter alia, adjudged him to be a juvenile delinquent and, upon his consent, placed him on probation for a period of 12 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as, upon the appellant's consent, placed him on probation for a period of 12 months is dismissed, without costs or disbursements, as the appellant is not aggrieved thereby (*see* CPLR 5511; *Matter of Cristian C.,* 104 AD3d 941 [2013]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appellant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see Matter of George R.,* 104 AD3d 949 [2013]; *Matter of Charles S.,* 41 AD3d 484

[2007]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792 [1987]; *Matter of Danasia Mc.*, 94 AD3d 1122 [2012]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts, which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree (*see* Penal Law § 130.65 [3]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Hasan C.*, 59 AD3d 617, 617-618 [2009]; *cf.* CPL 470.15 [5]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Danasia Mc.*, 94 AD3d at 1124; *cf. People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *Matter of Darnell C.*, 66 AD3d 771, 772 [2009]; *cf. People v Romero*, 7 NY3d 633 [2006]).

The appellant was afforded the effective assistance of counsel (*see Matter of Darrell W. [Tenika C.]*, 110 AD3d 1088 [2013]; *Matter of Dylan Mc. [Michelle M. Mc.]*, 105 AD3d 1049 [2013]).

The appellant's remaining contention is without merit. Skelos, J.P., Dickerson, Leventhal and Miller, JJ., concur.