■ In the Matter of Rani Z., a Person Alleged to be a Juvenile Delinquent, Appellant. [991 NYS2d 376]—In a juvenile delin-

quency proceeding pursuant to Family Court Act article 3, Rani Z. appeals from (1) an order of fact-finding of the Family Court, Kings County (McElrath, J.), dated March 18, 2013, made after a fact-finding hearing, finding that he committed acts which, if committed by an adult, would have constituted the crime of criminal contempt in the second degree, and (2) an order of disposition of the same court dated October 25, 2013, which, upon the order of fact-finding, inter alia, adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the Family Court properly determined that there was probable cause for the arresting officer to take the appellant into custody, since "[t]he facts and circumstances known to the arresting officer would have warranted a reasonable person, who possessed the same expertise as the officer, to conclude that a crime was being or had been committed and that the appellant committed it" (*Matter of Eric C.*, 281 AD2d 543, 544 [2001]; *see Matter of Uriah M.*, 107 AD3d 997, 998 [2013]).

Viewed in totality, moreover, the record shows that the appellant received meaningful representation during the probable cause hearing, and there was no showing that any of counsel's alleged deficiencies constituted anything other than a legitimate, albeit unsuccessful, strategy (*see People v Caban*, 5 NY3d 143, 152 [2005]; *Matter of Dylan Mc. [Michelle M. Mc.]*, 105 AD3d 1049, 1050 [2013]).

The appellant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see Matter of Keir B.*, 115 AD3d 855 [2014]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crime of criminal contempt in the second degree (*see* Penal Law § 215.50 [3]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Javan P.*, 81 AD3d 833, 834 [2011]; *Matter of Hasan C.*, 59 AD3d 617, 617-618 [2009]), we neverthe-

less accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Javan P.*, 81 AD3d at 834; *Matter of Hasan C.*, 59 AD3d at 618). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determinations were not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *cf. People v Romero*, 7 NY3d 633 [2006]). Skelos, J.P., Dickerson, Austin and Duffy, JJ., concur.