■ In the Matter of BRIAN M., a Person Alleged to be a Juvenile Delinquent, Appellant. [995 NYS2d 207]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Brian M. appeals from an order of disposition of the Family Court, Kings County (McElrath, J.), dated

October 7, 2013, which, upon an order of fact-finding of the same court dated September 24, 2013, made upon his admission, finding that he committed an act which, if committed by an adult, would have constituted the crime of possession or sale of a toy or imitation firearm, adjudged him to be a juvenile delinquent, and placed him in the custody of the Commissioner of Social Services of the City of New York for a period of 12 months, less the period spent in detention pending disposition. The appeal brings up for review the denial, after a hearing, of those branches of the appellant's omnibus motion which were to suppress physical evidence and statements that he made to law enforcement officials.

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the Commissioner of Social Services of the City of New York for a period of 12 months, less the period spent in detention pending disposition, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant in the custody of the Commissioner of Social Services of the City of New York for a period of 12 months, less the period spent in detention pending disposition, has been rendered academic, as that period of placement has expired (*see Matter of Tilar Mc.*, 116 AD3d 700 [2014]).

The appellant contends that the Family Court should have suppressed physical evidence and his statements to law enforcement officials as the product of an unlawful arrest. Contrary to the appellant's contention, the court properly determined that there was probable cause to arrest him since " '[t]he facts and circumstances known to the arresting officer would have warranted a reasonable person, who possessed the same expertise as the officer, to conclude that a crime was being or had been committed and that the appellant committed it' " (*Matter of Rani Z.*, 120 AD3d 824, 825 [2014], quoting *Matter of Eric C.*, 281 AD2d 543, 544 [2001]; *see Matter of Uriah M.*, 107 AD3d 997, 998 [2013]). Accordingly, the court properly denied those branches of the appellant's omnibus motion which were to suppress physical evidence and statements that he made to law enforcement officials. Rivera, J.P., Hall, Austin and Roman, JJ., concur.