■ In the Matter of DAMIEN S., a Person Alleged to be a Juvenile Delinquent, Appellant. [2 NYS3d 160]—

Appeals from (1) an order of disposition of the Family Court, Richmond County (Helene D. Sacco, J.), dated April 3, 2014, and (2) an order of protection of that court also dated April 3, 2014. The order of disposition, made after fact-finding and dispositional hearings, and upon a finding that Damien S. committed acts which, if committed by an adult, would have constituted the crimes of criminal sexual act in the first degree, sexual misconduct, and acting in a manner injurious to a child less than 17 years old, adjudicated him to be a juvenile delinquent

and placed him on probation for a period of twelve months. The order of protection directed him, inter alia, to stay away from the victim until and including April 2, 2015.

Ordered that the appeal from the order of protection is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order of disposition is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof adjudicating the appellant to be a juvenile delinquent based upon the finding that he committed acts which, if committed by an adult, would have constituted the crime of acting in a manner injurious to a child less than 17 years old, and substituting therefor a provision adjudicating the appellant to be a juvenile delinquent based upon the finding that the appellant committed acts which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree, and (2) by deleting the provision thereof adjudicating the appellant to be a juvenile delinquent based upon the finding that the appellant committed acts which, if committed by an adult, would have constituted the crime of sexual misconduct under count three of the petition, and substituting therefor a provision dismissing that count of the petition; as so modified, the order is affirmed, without costs or disbursements.

Initially, after a fact-finding hearing, the Family Court determined that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal sexual act in the first degree, sexual abuse in the first degree, and sexual misconduct. However, the order of disposition dated April 3, 2014, stated that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal sexual act in the first degree, sexual misconduct, and acting in a manner injurious to a child less than 17 years old. Where there is a conflict between a final order or judgment and the court's decision upon which it was based, the decision controls (see Matter of Testa v Strickland, 99 AD3d 917 [2012]; McLoughlin v McLoughlin, 63 AD3d 1017, 1019-1020 [2009]; Curry v Curry, 14 AD3d 646, 647 [2005]). Consequently, as correctly conceded by the presentment agency, the relevant provisions of the order of disposition are modified accordingly.

Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792 [1987]; Matter of Danasia Mc., 94 AD3d 1122 [2012]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an

adult, would have constituted the crimes of criminal sexual act in the first degree (*see* Penal Law § 130.50 [3]), sexual abuse in the first degree (*see* Penal Law § 130.65 [3]) and sexual misconduct (*see* Penal Law § 130.20 [2]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Hasan C.*, 59 AD3d 617, 617-618 [2009]; *cf.* CPL 470.15 [5]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Danasia Mc.*, 94 AD3d at 1124; *cf. People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *Matter of Darnell C.*, 66 AD3d 771, 772 [2009]; *cf. People v Romero*, 7 NY3d 633 [2006]).

However, inasmuch as the sexual misconduct count is an inclusory concurrent count of the criminal sexual act in the first degree count, it must be dismissed (*see* CPL 300.30 [4]; 300.40 [3] [b]).

Finally, the Family Court providently exercised its discretion in adjudicating the appellant to be a juvenile delinquent and placing him on probation for a period of 12 months (*see* Family Ct Act § 352.2), rather than directing an adjournment in contemplation of dismissal (*see* Family Ct Act § 315.3; *Matter of Leonce K.O.*, 115 AD3d 955, 956 [2014]; *Matter of Kaseem R.*, 113 AD3d 779, 780-781 [2014]). Rivera, J.P., Hall, Austin and Cohen, JJ., concur.