■ In the Matter of DANIEL J., a Person Alleged to be a Juvenile Delinquent, Appellant. [26 NYS3d 138]—

Appeal from an order of disposition of the Family Court, Richmond County (Helene D. Sacco, J.), dated September 29, 2014. The order of disposition, insofar as appealed from, adjudicated Daniel J. a juvenile delinquent. The appeal brings up for review an order of fact-finding of that court dated June 12, 2014, which, after a hearing, found that Daniel J. committed acts which, if committed by an adult, would constitute the crimes of criminal sexual act in the first degree and sexual abuse in the first degree.

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the appellant's contention, the Family Court providently exercised its discretion in allowing the complainant, then age seven, to testify as a sworn witness. After a hearing at which the court considered the ability of the witness to understand the difference between truth and falsity, the legal and moral consequences of lying, and the importance of telling the truth at the proceeding, the court determined that the witness could do so (*see Matter of Marquis M.*, 1 AD3d 515, 516 [2003]; *Matter of James B.*, 262 AD2d 480, 480-481 [1999]; *Matter of Joseph C.*, 185 AD2d 883 [1992]; Family Ct Act § 343.1 [2]; CPL 60.20).

The appellant contends that the Family Court's fact-finding determination was against the weight of the evidence. In conducting our independent review of the weight of the evidence, we accord great deference to the opportunity of the

trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Keir B.*, 115 AD3d 855, 856 [2014]; *Matter of Danasia Mc.*, 94 AD3d 1122, 1124 [2012]; *Matter of Hasan C.*, 59 AD3d 617, 617-618 [2009]; *cf. People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the Family Court's fact-finding determination that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal sexual act in the first degree (Penal Law § 130.50 [3]) and sexual abuse in the first degree (Penal Law § 130.65 [3]) was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *Matter of Darnell C.*, 66 AD3d 771, 772 [2009]; *cf. People v Romero*, 7 NY3d 633 [2006]).

Accordingly, we affirm the order of disposition insofar as appealed from. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.