■ In the Matter of ALIYAH J., a Person Alleged to be a Juvenile Delinquent, Appellant. [47 NYS3d 107]—

Appeal from an order of disposition of the Family Court, Kings County (Barbara Salinitro, J.), dated October 21, 2015. The order of disposition, insofar as appealed from, adjudicated Aliyah J. a juvenile delinquent. The appeal from the order of disposition brings up for review an order of fact-finding of that court dated August 24, 2015, which, after a hearing, found that Aliyah J. committed acts which, if committed by an adult, would have constituted the crimes of assault in the second degree, assault in the third degree, criminal possession of a weapon in the fourth degree, unlawful imprisonment in the second degree, menacing in the second degree, and menacing in the third degree.

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

The appellant's challenge to the legal sufficiency of the evidence is not preserved for appellate review (cf. Matter of David H., 69 NY2d 792 [1987]). In any event, viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792 [1987]; Matter of Danasia Mc., 94 AD3d 1122 [2012]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts, which, if committed by an adult, would have constituted the crimes of assault in the second degree (Penal Law § 120.05 [2]), assault in the third degree (Penal Law § 120.00 [1]), criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), unlawful imprisonment in the second degree (Penal Law § 135.05), menacing in the second degree (Penal Law § 120.14 [1]), and menacing in the third degree (Penal Law § 120.15). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Hasan C., 59 AD3d 617 [2009]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Danasia Mc., 94 AD3d at 1124; Matter of Hasan C., 59 AD3d at 617-618; cf. People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (see Family Ct Act § 342.2 [2]; Matter of Darnell C., 66 AD3d 771, 772 [2009]; cf. People v Romero, 7 NY3d 633, 644-645 [2006]). Rivera, J.P., Dillon, Chambers and Hinds-Radix, JJ., concur.